IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONSEAN JOHNSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | |
| ERIC ARMEL, et al., | : | NO. 21-2703 |
| Respondents. | : | |

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

Ronsean Johnson, through counsel, hereby submits this amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to the Court's October 13, 2021 order, Johnson will file a brief in support of his habeas claims by January 27, 2022.

**Claim One: Trial counsel rendered ineffective assistance by failing to object to the closure of the courtroom for three witnesses and the partial closure of the courtroom for other witnesses.**

Following the testimony of witness Elissa Carter, the trial court partially closed the courtroom, restricting the audience in the courtroom to family members. Further, before the testimony of D.D., a 13-year-old boy, the trial court ordered that all spectators leave from the courtroom. A short time later, D.D.'s mother was permitted to enter the courtroom, but no other spectators were allowed. Later in the trial, the trial court again closed the courtroom for the testimony of J.W., a 14-year-old girl, allowing only her mother as a spectator. The trial court also ordered that the courtroom be cleared for the witness that preceded J.W., as a matter of judicial economy. Trial counsel did not object to the closures, which took place without the trial court performing the constitutionally

required analysis. *See Waller v. Georgia*, 467 U.S. 39, 48 (1984) (enumerating the test for closing the courtroom).

Trial counsel performed deficiently because the closures were unjustified and violated Johnson's Sixth Amendment right to a public trial. Johnson is entitled to a new trial because a public-trial violation is a structural error for which prejudice is presumed. Even if prejudice is not presumed, Johnson can demonstrate actual prejudice because the closures took place during the testimony of key witnesses, and the prosecutor referred to one of the closures in his closing argument.

**Claim Two: Johnson's rights under the Confrontation Clause were violated by the admission of a statement from Johnson's co-defendant.**

At trial, J.W. testified that Johnson's co-defendant, Darrian Deans, told her that "me and my other bull (friend) murdered Keem's two cousins." N.T. 2/20/08 at 85. J.W.'s testimony regarding Deans' statement violated Johnson's Sixth Amendment rights under the Confrontation Clause, as Deans did not testify at trial and could not be cross-examined about the statement. The admission of the statement was not harmless because this evidence was critical to the Commonwealth's case, and the case against Johnson was flawed.

**Claim Three: Trial counsel rendered ineffective assistance by failing to object under the Pennsylvania Rules of Evidence to the admission of a statement from Johnson's co-defendant and evidence of the incident in which the statement was made.**

Trial counsel objected to Deans' statement in Claim Two under the Confrontation Clause, but failed to object under the Pennsylvania Rules of Evidence. Trial counsel also

2

failed to object to the introduction of evidence about the incident in which the statement was made. That incident is described briefly in Claim Four below.

The statement itself was not admissible under Pennsylvania Rule of Evidence 403 because its probative value was outweighed by the danger of unfair prejudice and misleading the jury. *See also* Pa. R. Evid. 402 (excluding evidence that is not relevant). Further, the corresponding episode was not admissible in a joint trial as a matter state law. *See* Pa. R. Evid. 402 (excluding evidence that is not relevant); Pa. R. Evid. 403 (excluding evidence when the probative value is outweighed by the danger of unfair prejudice); Pa. R. Evid. 404 (restricting the use of character evidence and evidence of prior bad acts). Although the trial court instructed the jury that Deans' out-of-court statement could not be used against Johnson, this instruction was insufficient to protect Johnson's legal rights. Deans' statement and the corresponding incident should have been excluded or Johnson's trial should have been severed. Had trial counsel raised the above objections based on state law, Johnson would have been entitled to have the statement and the corresponding incident excluded or his trial severed. Johnson suffered prejudice because the statement and related incident were extremely damaging, and the case against him was flawed.

**Claim Four: Trial counsel rendered ineffective assistance by failing to move to sever Johnson's trial from his co-defendant's trial.**

Trial counsel rendered ineffective assistance by failing to move to sever Johnson's trial from co-defendant Deans' trial. Johnson was entitled to have his trial severed because he was unfairly prejudiced by the introduction of evidence that was only

3

admissible against Deans. *See* Pa. R. Crim. P. 583 (permitting severance of defendants if "any party may be prejudiced" by a joint trial). In particular, J.W.'s testimony about Deans' statement and the circumstances in which it was made were not admissible against Johnson. *See* Pa. R. Evid. 402 (excluding evidence that is not relevant); Pa. R. Evid. 403 (excluding evidence when the probative value is outweighed by the danger of unfair prejudice); Pa. R. Evid. 404 (restricting the use of character evidence and evidence of prior bad acts). In this regard, the exchange between Deans and J.W. took place during an encounter in which Deans forced J.W. to come to his house and pointed a gun at her; that encounter led to separate criminal charges against Deans. Furthermore, Elissa Carter's testimony that she was threatened by unnamed members of the audience on the defendants' side of the courtroom was inadmissible against Johnson, as Deans was the only participant in the homicides that Carter could identify. Thus, Carter's testimony provided an additional basis for severance. Johnson suffered prejudice as a result of trial counsel's performance because Johnson would have prevailed on a severance motion. In addition, Johnson maintains that there is a reasonable probability that the result at a severed trial would have been different.

**Claim Five: Trial counsel rendered ineffective assistance by failing to move for a pretrial competency hearing of D.D., a 13-year-old witness, and by failing to subpoena D.D.'s father, Derrick Douglas.**

At the start of his testimony, D.D., a 13-year-old witness, failed to respond to the prosecutor's questions. The trial court held a brief competency hearing, but did not allow trial counsel to ask D.D. whether he remembered the incident in question or otherwise ensure that D.D. was competent to testify. Trial counsel rendered ineffective assistance

by failing to request a more complete competency hearing and by failing to challenge D.D.'s competency further. Johnson suffered prejudice because but for counsel's failures D.D. would not have been deemed competent as a witness. There is also a reasonable probability that the result of the trial would have been different without D.D.'s testimony. Additionally, trial counsel rendered ineffective assistance by failing to present testimony from D.D.'s father, Derrick Douglas. Douglas's testimony would have supported Johnson's allegation that D.D. was not competent to testify by providing information about the circumstances of D.D.'s prior interview with the police.

**Claim Six: Trial counsel rendered ineffective assistance by failing to investigate the people who had threatened Elissa Carter.**

In a statement to the police after the homicides, witness Elissa Carter stated that she had been intimidated by family and friends of the decedents, as they wanted her to identify the people who committed the homicides. At trial, Carter testified that the people who had intimidated her were sitting on defendants' side of the courtroom, not behind the prosecutor. When further questioned outside the presence of the jury about the intimidation, Carter declined to identify any specific individuals. The trial court later gave the jury a cautionary instruction that "there are no sides of the courtroom." N.T. 2/19/08 at 121. During closing argument, however, the prosecutor argued that Carter had identified people associated with the defendants as causing the intimidation. Trial counsel objected, and the trial court overruled the objection, despite the court's earlier admonition.

In light of Carter's trial testimony, trial counsel rendered ineffective assistance by failing to investigate Carter's allegation that she was intimidated by people associated with the defendants. Carter only implicated Deans in the homicide, her prior statement to the police implicated people associated with the decedents, and there is no evidence that Johnson's family or friends sought to intimidate her. Johnson suffered prejudice because Carter's allegation of intimidation was unsubstantiated and damaging, while the case against Johnson was weak.

**Claim Seven: The prosecutor committed misconduct in his closing argument, violating Johnson's right to due process. To the extent that trial counsel failed to object, trial counsel rendered ineffective assistance.**

During his closing argument, the prosecutor committed misconduct by relying on evidence not properly before the jury. First, the prosecutor argued that Elissa Carter alleged that audience members associated with the defendants had intimidated her in the two weeks after homicides. *See* N.T. 2/21/08 at 100. This was improper because Carter declined to identify the specific individuals, and there is no evidence identifying the particular people or whether those people were associated with Deans or Johnson or someone else. In fact, the trial court itself instructed the jury after Carter's testimony that "there are no sides of the courtroom." N.T. 2/19/08 at 121. Second, the prosecutor used Deans' statement to J.W. about committing a double homicide with his "bull" against Johnson. This was improper because Deans' statement was not admissible against Johnson. Finally, the prosecutor noted that the room was "cleared" for D.D.'s testimony, creating the false implication that the closure was necessary because of Johnson's conduct and that the closure reflected that D.D. testified truthfully. The above comments

violated Johnson's constitutional right to due process, warranting a new trial. To the extent that trial counsel failed to raise the above objections, trial counsel performed deficiently and Johnson suffered prejudice.

**Claim Eight: Johnson suffered prejudice from the cumulative effect of the above constitutional violations.**

Each of the claims above is an independent basis for Johnson to receive relief in this case. If the Court should find, however, that Johnson cannot demonstrate prejudice on any single claim, he is nonetheless entitled to relief because the cumulative effect of the errors above resulted in an unfair trial, violating his right to due process.

WHEREFORE, Johnson moves for a writ of habeas corpus and an order that he be released from custody if he is not retried within a reasonable period of time.

.

Respectfully submitted,

*/s/ Joel Mandelman*
JOEL MANDELMAN
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
(215) 928-1100

*Counsel for Petitioner Ronsean Johnson*

## **CERTIFICATE OF SERVICE**

I, Joel Mandelman, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that on this date this document has been filed electronically and is available for viewing and downloading from the Court's ECF system.  I have served this document electronically upon Jaclyn Mason, Assistant District Attorney, Philadelphia District Attorney's Office.

                                                /s/ *Joel Mandelman*
                                                JOEL MANDELMAN
                                                Assistant Federal Defender

December 13, 2021